# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL THOMAS CUPP**<br>**REG. # 17129-035** | : | **DOCKET NO. 18-cv-1296**<br>**SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **WARDEN MYERS** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Michael Thomas Cupp. Cupp is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana.

This matter has been referred to the undersigned for initial review. For the reasons stated below, Cupp is ordered to amend his petition in order to show a right to federal habeas relief.

## I.
### BACKGROUND

Pursuant to a plea agreement, Cupp was convicted in this court of one count of failure to register as a sex offender, a violation of 18 U.S.C. § 2250(a). *United States v. Cupp*, No. 5:14-cr-0015, docs. 56, 58 (W.D. La. Nov. 21, 2014). On November 12, 2014, he was sentenced to a 60 month term of imprisonment. *Id.* at docs. 64, 68. The court did not specify whether the sentence would run concurrently with any other sentence. *See id.* at docs. 68, 73. He then sought review of his conviction and sentence through a direct appeal and multiple post-conviction motions filed in the trial court. All of the motions were denied except for Cupp's Motion to Vacate under 28 U.S.C. § 2255, which remains pending.

Cupp now brings the instant § 2241 petition, alleging that the BOP is improperly denying him credit for time spent in a Texas county jail from January 2, 2014, to October 8, 2015, awaiting the outcome of a state charge. Doc. 1. Cupp maintains that he was in federal custody from December 4, 2014, to October 8, 2015, based on a federal detainer filed on these charges. *Id.* He shows that he has pursued administrative remedies through the BOP on this claim and has been denied at each level. Doc. 1, att. 2.

## II.
### LAW & ANALYSIS

### A. *Screening of Habeas Corpus Petitions*

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. *Section 2241*

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Under 18 U.S.C. § 3585(b), the authority to grant or deny credit for time served is specifically reserved to the United States Attorney General and delegated to the Bureau of Prisons. *United States v. Wilson*, 112 S.Ct. 1351, 1353–54 (1992); *see also United States v. Jack*, 566 Fed. App'x 331, 332 (5th Cir. 2014). The federal sentencing court, however, may order a term of imprisonment to run concurrently or consecutively with an anticipated but not yet imposed state sentence. *United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 2000).

A district court may review a challenge to the BOP's refusal to grant credit for time served or make a nunc pro tunc designation through a § 2241 petition, after the BOP has made a final decision on same. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010). Under § 3585(b), a defendant is to be given credit toward his federal term of imprisonment for any time spent in official detention prior to the commencement of his sentence "that has not been credited against another sentence." Likewise, where a federal sentence is imposed before a state sentence, the BOP may indirectly award credit for time served by designating nunc pro tunc the state prison as the place in which the prisoner serves a portion of his federal sentence. *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).

In denying the final step of Cupp's administrative remedy appeal, the BOP Central Office Administrator noted that Cupp had been arrested in Louisiana on a warrant out of Panola County, Texas, on state criminal charges based on his failure to register as a sex offender. Doc. 1, att. 2, p. 4. He was temporarily removed from state custody on January 2, 2014, on a federal writ of habeas corpus ad prosequendum. *Id.*; *see Cupp*, No. 5:14-cr-0015, at docs. 2 & 3. Although he was sentenced on his federal conviction on November 12, 2014, he remained in state custody until he was sentenced by on October 8, 2015, on his state charges. Doc. 1, att. 2, p. 4. According to the BOP, Cupp was paroled on his state sentence on April 8, 2016, and released to the federal detainer

in order to commence his federal sentence. *Id.* Accordingly, the Central Office upheld the sentencing computation decision, determining that Cupp was not entitled to any further sentencing credit under 18 U.S.C. § 3585(b), and that a nunc pro tunc designation of concurrent sentences would not be appropriate in his case. *Id.* at 4–5.

Cupp shows no error to the BOP's calculation of his sentence under § 3585(b) – if the time served in state custody was credited toward his state sentence, the BOP did not err under that statute in refusing to also credit the time toward his federal sentence. Thus, he is only entitled to relief if he can show that the BOP erred in failing to make a nunc pro tunc designation.

The procedure for evaluation of a request for nunc pro tunc designation is laid out in *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990). *See, e.g.*, *Hunter v. Tamez*, 622 F.3d 427, 429 (5th Cir. 2010). The BOP typically contacts the judge who imposed the federal sentence in order to determine whether the judge intended that the federal sentence run consecutively or concurrently. *Id.* In accordance with BOP policy, a designation for concurrent service of sentence is made only when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system. *See* BOP Program Statement 5160.05, p. 4, *available at* https://www.bop.gov/policy/progstat/5160_005.pdf. The BOP's decision on such a request is "entitled to substantial deference" and can only be overturned on a showing that the agency abused its discretion. *Branch v. Pearce*, 2015 WL 3936166, at *3 (W.D. Tex. Jun. 26, 2015) (quoting *Fegans v. United States*, 506 F.3d 1101, 1105 (8th Cir. 2007)).

Cupp does not attach a copy of the January 2018 denial of his request for nunc pro tunc designation, which he challenged in his administrative remedies requests. He also fails to explain how the BOP might have abused its discretion or failed to honor the intent of the federal sentencing

court. He must therefore amend his petition and explain the basis for his challenge to the denial of nunc pro tunc designation.

### III.
#### CONCLUSION

Cupp's petition is deficient as described above. He must amend his complaint as described above in order to show a right to federal habeas relief. If possible, he should also attach a copy of the January 2018 decision of the Designation and Sentence Computation Center.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Cupp at his last address on file.

**IT IS ORDERED** that Cupp amend his complaint within **thirty (30) days** of the filing of this order to cure the deficiencies as outlined above.

Failure to comply with this order may result in dismissal of the claims above under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Cupp is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 9th day of November, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE