UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL THOMAS CUPP**<br>**REG. # 17129-035** | **:** | **DOCKET NO. 18-cv-1296**<br>**SECTION P** |
| **VERSUS** | **:** | **UNASSIGNED DISTRICT JUDGE** |
| **WARDEN MYERS** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2241, by Michael Thomas Cupp. Doc. 1. Cupp is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

**I.**
**BACKGROUND**

As explained in greater detail in the court's amend order, Cupp brings this petition to challenge the BOP's refusal to afford him credit towards a federal sentence imposed by this court in November 2014, for time spent in state custody from January 2, 2014, to October 8, 2015. Doc. 4, pp. 1–2. On initial review, the court explained its limited authority to review challenges to BOP sentencing calculations. *Id.* at 3. We then recognized that there was no error under 18 U.S.C. § 3585(b) and that Cupp's only available challenge appeared to be the BOP's refusal to make a nunc pro tunc designation. *Id.* at 3–4 (and cases cited therein). We also noted that the BOP is entitled to substantial deference in such decisions. *Id.* Accordingly, we ordered Cupp to attach a copy of the

January 2018 denial of his request for nunc pro tunc decision and to explain how the BOP might have erred in its ruling. *Id.* at 4–5. Cupp has now complied, attaching a copy of the BOP's January 2018 denial as well as this court's denial of his motion to amend sentence. Doc. 5, att. 1. Accordingly, the court now undertakes a second review of his petition.

## II.
## LAW & APPLICATION

### A. Screening of Habeas Corpus Petitions

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Section 2241

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A district court may review a challenge to the BOP's refusal to grant credit for time served or make a nunc pro tunc designation through a § 2241 petition, after the BOP has made a final

decision on same. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010). Under § 3585(b), a defendant is only **entitled** to presentence detention credit for any other time spent in official detention "that has not been credited against another sentence." *United States v. Wilson*, 112 S.Ct. 1351, 1353–56 (1992). Where a federal sentence is imposed before a state sentence, the BOP may, at its discretion, award credit for time served by designating nunc pro tunc the state prison as the place in which the prisoner serves a portion of his federal sentence. *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010). The BOP's procedure for evaluating such requests is explained in the court's amend order. *See* doc. 4, p. 4. Its decision on such a request is reviewed for abuse of discretion. *Branch v. Pearce*, 2015 WL 3936166, at *3 (W.D. Tex. Jun. 26, 2015) (quoting *Fegans v. United States*, 506 F.3d 1101, 1105 (8th Cir. 2007)).

### C. *Application to Cupp's Petition*

In the Motion to Amend, Cupp sought to have the court declare that his federal sentence runs concurrently with the sentence eventually imposed by the State of Texas and to be given credit towards his federal sentence for time served from January 2014 onward. *United States v. Cupp*, No. 5:14-cr-0015, doc. 98 (W.D. La. Nov. 21, 2014). The court denied relief, stating that while it **had** expressed that Cupp should receive credit for time served in federal custody, it had taken no position on whether Cupp's federal sentence would run concurrently or consecutively with any anticipated but not yet imposed state sentence. *Id.* at doc. 99, p. 2. As the court explained, such silence invites a presumption that the sentences should run concurrently. *Id.* at doc. 99, pp. 2–3 (citing *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003)). Moreover, the failure to provide for concurrent sentences for multiple terms of imprisonment imposed at different times necessarily results in the sentences running consecutively. *Id.* (citing *United States v. Hernandez*, 234 F.3d 252, 256–57 (5th Cir. 2000); *United States v. Brown*, 920 F.2d 1212, 1217 (5th Cir. 1991),

*overruled on other grounds by United States v. Candia*, 454 F.3d 468, 472–73 (5th Cir. 2006)). Accordingly, the court denied Cupp's motion and affirmed that Cupp's federal sentence ran consecutively to the later-imposed state sentence. *Id.* The BOP subsequently denied Cupp's request for nunc pro tunc designation in reliance on the court's order. Doc. 5, att. 1, p. 1.

Cupp now challenges both decisions, maintaining that he was actually still in federal rather than state custody during the time for which he now seeks credit. Doc. 5. To this end he relies on *United States v. Brown*, 875 F.3d 1235 (9th Cir. 2017). There an inmate was charged with attempted escape from federal custody, 18 U.S.C. § 751(a), but maintained that the charge was improper because, at the time of the attempted escape, he was serving a federal sentence but was "incarcerated at the Spokane County Jail pursuant to writ of habeas corpus ad prosequendum in order to answer state criminal charges." *Id.* at 1239. The Ninth Circuit noted that it had previously concluded that a federal prisoner housed in a designated state facility remains in federal custody as a matter of law, and that his previous custody status persists even when he is "on loan" to another sovereign pursuant to a writ of habeas corpus ad prosequendum. *Id.* at 1239–40. Accordingly, it held that the district court had not erred in denying the inmate's motion to dismiss the indictment.

This circuit agrees that a writ of habeas corpus ad prosequendum only constitutes a "loan" of the prisoner to another jurisdiction. *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980). For the purposes of a nunc pro tunc designation, however, the Attorney General must only give credit time spent in official custody when that time was not credited to another sentence. *Wilson*, 112 S.Ct. at 1355–56. Additionally, the sentencing court made clear its position that the federal sentence should not run concurrent to the later-imposed state sentence. Cupp fails to show that his time in state custody was not credited to another sentence and thus cannot demonstrate any error

to the district court's decision or abuse of discretion in the BOP's reliance on same. Accordingly, the motion must be denied.

### III.
### CONCLUSION

For the reasons provided above, the petition should be **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Proceedings in the United States District Courts.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 30th day of January, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE